UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESSI J. REID,

                    Petitioner,

vs.                         Case No.  2:10-cv-762-FtM-36DNF

STATE  OF  FLORIDA  and  FLORIDA
ATTORNEY GENERAL,

                    Respondents.
_____

### ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Jessi Reid initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on December 14, 2010. Petitioner also filed a Response (Doc. #9, Response) to the Court's Order to Show Cause, which directed Petitioner to show cause why his action should not be dismissed as untimely.

The Petition challenges Petitioner's judgment of conviction of one count of capital sexual battery entered in the Twentieth Judicial Circuit, Lee County, Florida in case number 92-CF-2893 on February 29, 1996.  Petitioner raises two grounds for relief.

This Court has carefully reviewed the record and, for the reasons set forth below,  concludes no evidentiary proceedings are required in this Court. *Schriro v. Landrigan*, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007).  Petitioner does not proffer any evidence that would require an evidentiary hearing, *Chandler v. McDonough*, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the

pertinent facts of the case are fully developed in the record before the Court. *Schriro*, 127 S. Ct. at 1940; *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), *cert. denied*, 541 U.S. 1034 (2004).

As discussed below, the Court finds the Petition is untimely and must be dismissed.

**I.   Procedural History**

**A.   Charges and Trial**

Petitioner proceeded to a jury trial in February 1996. *See* lee.clerk.org, Case No. 92-CF-2893.   The jury found Petitioner guilty and sentenced him to a term of 25-years in prison on April 8, 1996. *Id.*

**B.   Direct Appeal and Pertinent Post-Conviction Motions**

On April 11, 1996, Petitioner states he filed a direct appeal. The appellate court *per curiam* affirmed Petitioner's judgment and sentence on April 10, 1998. *See* Response at 1.

During the next several years, Petitioner filed numerous post-conviction motions and state habeas corpus petitions in the State courts. *See generally* Response. Of relevance here are the following post-conviction matters.   On December 14, 1999, Petitioner filed a post-conviction motion pursuant to Fla. R. Crim. P. 3.850. *Id.* at 1.   On May 12, 2000, the post-conviction court denied the motion. *Id.*   Petitioner moved for rehearing, which the post-conviction court denied on June 16, 2000. *Id.*

On July 10, 2000, Petitioner appealed the post-conviction court's denial of his Rule 3.850 Motion. *Id.* On December 27, 2000, the appellate court affirmed in part, reversed in part, and remanded the case to the post-conviction court to hold an evidentiary hearing. *Id.* After holding an evidentiary hearing, the post-conviction court again denied Petitioner relief on all claims on September 5, 2001. *Id.* at 2.

On August 23, 2001, Petitioner appealed the post-conviction court's order.[1] *Id.* The appellate court *per curiam* affirmed the post-conviction court's order on October 18, 2002, and issued mandate on November 14, 2002.

On October 4, 2003, Petitioner filed a motion to correct his illegal sentence pursuant to Fla. R. Crim. P. 3.800. *Id.* On December 3, 2003, the post-conviction court denied Petitioner relief. *Id.* On January 20, 2004, Petitioner appealed the post-conviction court's adverse decision. The appellate court *per curiam* affirmed the post-conviction court's decision on April 23, 2004.

## II. Petitioner's Habeas Corpus Petition is Untimely

Petitioner signed his § 2254 Petition on December 14, 2010. Petitioner filed his Petition after April 24, 1996, the effective

---

[1] It is unclear how Petitioner could have filed an appeal of the post-conviction court's order approximately two weeks **before** Petitioner states the post-conviction court entered the order. Nevertheless, the Court gives Petitioner the benefit of the doubt when calculating how much time has expired.

date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Davis v. Jones*, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Petitioner does not dispute the applicability of the AEDPA. On April 24, 1996, the President signed into law AEDPA. This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner's state conviction became final on **July 9, 1998**, which is ninety-days after the April 10, 1998[2] order denying Petitioner relief on direct appeal and is when the period to file a petition for writ of *certiorari* expired. *See* 28 U.S.C. § 2244(d)(1)(A); Rule 13.3 of the United States Supreme Court;[3] *see generally McMillan v. Sec'y Dept. of* Corr., 257 F. App'x 249, 250 (11th Cir. 2007)(citing *Bond v. Moore,* 309 F.3d 770, 773-74 (11th Cir. 2002)(finding conviction became final upon issuance of order affirming the conviction and sentence on direct appeal); *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000)(explaining that in Florida, an appellate court's order denying rehearing on its affirmance of the state trial court's denial of a motion for post-conviction relief is pending until the mandate issues).

---

[2]Petitioner does not state that he moved for rehearing upon the denial of his direct appeal. *See* Response.

[3]A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A). For purposes of direct review, United States Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

Consequently, Petitioner's one-year time period for filing a federal habeas petition challenging his conviction expired on **July 9, 1999.**[4]  The Petition, deemed filed in this Court on December 14, 2010, would be untimely, unless Petitioner availed himself of one of the statutory provisions that extends or tolls the federal time period.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  Here, Petitioner allowed approximately **524 days** of untolled time to elapse between the date his conviction became final on direct appeal on July 9, 1998, and the date he filed his first properly filed Rule 3.850 motion on December 14, 1999.  Additionally, Petitioner allowed **351 days** of untolled time to elapse between the date the appellate court *per curiam affirmed* the post-conviction court's order denying relief after conducting an evidentiary hearing on October 18, 2002, and the date he filed his Rule 3.800(a) Motion on October 4, 2003.

Petitioner disputes that his Petition is untimely and asserts that he filed a motion for post-conviction relief pursuant to Rule 3.850(h) on April 7, 2008, asserting a claim based on newly discovered evidence in the post-conviction court.  Response at 1.

---

[4]Applying "anniversary date of the triggering event."  *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008).

Petitioner submits that his Rule 3.850(h) Motion was pending and tolled the AEDPA time limitations period until November 4, 2009 when the appellate court entered an order *per curiam* affirming the post-conviction court's order, and mandate issued on December 29, 2009. Petitioner further states that he actually filed the instant Petition on December 30, 2009, in the Eleventh Circuit Court of Appeals. Response at 1. Therefore, Petitioner states that he is within the one-year federal time limitations period. Response at 1.

Initially the Court finds that Petitioner's Rule 3.850(h) Motion was filed **after** the expiration of the one-year federal time period; thus, neither that motion, nor any subsequent collateral applications, even if properly filed, tolled the federal limitations period. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004)(stating "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991 (2000)(stating "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

Further, as previously stated, under § 2244(d)(2), the limitations period is tolled during the time that a "properly" filed application for state post-conviction or other collateral review is pending with respect to the particular conviction.

> An application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. *See United States v. Lombardo*, 241 U.S. 73, 76 (1916)('A paper is filed when it is delivered to the proper official and by him received and filed'); *Black's Law Dictionary* 642 (7th ed. 1999)(defining 'file' as '[t]o deliver a legal document to the court clerk or record custodian for placement into the official record'). And an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. *See, e.g., Habteselassie v. Novak*, 209 F.3d 1208, 1210-1211 (C.A. 10 2000); 199 F.3d, at 121 (case below); *Villegas v. Johnson*, 184 F.3d 467, 469-470 (C.A. 5 1999); *Lovasz v. Vaughn*, 134 F.3d 146, 148 (C.A. 3 1998).

*Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000).

Here, the Court notes that the post-conviction court denied Petitioner's Rule 3.850(h) Motion as untimely and successive. Response at 2. The appellate court *per curiam* affirmed the post-conviction court's decision. *Id.* Petitioner's untimely Rule 3.850(h) Motion is not deemed "properly" filed for purposes of tolling the federal time limitations period. *Carey v. Saffold*, 536 U.S. 214, 226 (2002)(stating if a state court held that a petition was untimely "that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits."). Further, to the extent that Petitioner submits that he actually filed his federal habeas petition a year earlier on December 30, 2009, not December 14, 2010, but submitted it to the Eleventh Circuit Court

of Appeals, his Petition was not properly filed in the proper court. Thus, the instant Petition is untimely and subject to dismissal under § 2254(d), unless Petitioner can establish grounds to support equitable tolling.

The United States Supreme Court recognizes that AEDPA's statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is entitled to equitable tolling only if he can demonstrate that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Id.* at 2562 (internal quotations and citations omitted). As to the first prong, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." *Id.* at 2565. Second, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *Id.* at 1268 (citations omitted).

Here, Petitioner fails to demonstrate that he is entitled to equitable tolling. The Court finds Petitioner has not shown diligence. Petitioner does not explain why he allowed an excessive

amount of time to elapse between the filing of his post-conviction motions. Significantly, Petitioner does not explain why he allowed almost a year to elapse between the date he filed his Petition in the Eleventh Circuit Court of Appeals and the date he filed the instant Petition. Additionally, Petitioner has not shown that some extraordinary circumstance stood in his way that prevented his timely filing.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Petition is **DISMISSED,** with prejudice, as time-barred pursuant to § 2241(d)(1).

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability . *Id.* "A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a

showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The issues raised by Petitioner do not satisfy these standards. Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE AND ORDERED** in Fort Myers, Florida, on this 26th day of July, 2011.

Charlene Edwards Honeywell
United States District Judge

SA: alj

Copies: All Parties of Record

-11-